```
         IN THE UNITED STATES COURT OF APPEALS
               FOR THE TENTH CIRCUIT
```
----------------------------------x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 13-3037 |
| Plaintiff-Appellee, | : | **MOTION FOR PERMISSION TO FILE SUPPLEMENTAL OPENING** |
| v. | : | **BRIEF** |
| MARK R. DAVIS, | : | DISTRICT OF KANSAS D.C. No. 11-cr-20020-CM |
| Defendant-Appellant. | : | |

----------------------------------x

Mark R. Davis moves for permission to file a supplemental opening brief. In support of this request, counsel states as follows:

1. This case has been fully briefed. It is scheduled for oral argument on March 20.

2. I have now determined that an additional point should be raised. As explained below, the additional point is related to one already raised.

3. The opening brief argued that the denial of suppression could not be upheld on the theory that authorities located and stopped the car in which Mr. Davis was riding apart from the information that came from a GPS-tracking device. See Opening Brief at 40-50. This is one aspect of what the government had to prove to show an independent source for the seizure of Mr. Davis and the evidence found in the ensuing search.

4. The prior briefing did not argue another showing the government had to make to establish independent source. This

other showing is that the decision to locate and stop the car was not in any way affected by the illegal GPS search. See Murray v. United States, 487 U.S. 533, 542 & n.3 (1987).

    5.    It is this additional point that is the subject of the supplemental opening brief.

    6.    Besides being related to a point already raised, the point sought to be raised in a supplemental opening brief is a compact and straight-forward one. It likewise does not call into play many facts beyond those already explored in the existing briefing.

    7.    I recognize that notwithstanding all of this, the granting of this motion would work an inconvenience on both the court and opposing counsel were the point raised in the supplemental opening brief to be considered at oral argument. Although I would prefer if the point could be addressed at oral argument, I understand that this may not be practical given the need for a response by the government and preparation by the court.

    8.    I regret too the inconvenience that, quite apart from the concerns in the previous paragraph, comes from the fact that the additional point is sought to be raised by way of a supplemental opening brief, rather than in the ordinary course.

    9.    As noted, I make this request because I have concluded that the additional point should be raised in this appeal.

Allowing the issue to be raised at this time may also promote judicial efficiency by resolving both aspects of the <u>Murray</u> test in a single litigation.

    10.  The supplemental opening brief has been prepared and is ready to be filed should the court grant this motion.

    11.  I have spoken to James Brown, the attorney for the appellee, who objects to the supplemental brief.

    WHEREFORE Mark R. Davis requests that this court grant him permission to file a supplemental opening brief.

                             Respectfully submitted,

                             VIRGINIA L. GRADY
                             Federal Public Defender, Interim


                             /s/ Howard A. Pincus
                             HOWARD A. PINCUS
                             633 17th Street, Suite 1000
                             Denver, Colorado 80202
                             (303) 294-7002

                             Email Address: COX_10ECF@fd.org

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that with respect to the foregoing

**MOTION FOR PERMISSION TO FILE SUPPLEMENTAL OPENING BRIEF:**

(1)  all required privacy redactions have been made;

(2)  if required to file additional hard copies, that the ECF submission is, with the exception of any redactions, an exact copy of those hard copies; and

(3)  the ECF submission was scanned for viruses with the most recent version of a commercial virus scanning program Symantec Endpoint Protection version 12.1.1000.157, Virus Definition File Dated: Friday, February 28, 2014 r2 and, according to the program, is free of viruses.

/s/ Howard A. Pincus
HOWARD A. PINCUS
Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 28, 2014, I electronically filed the foregoing **MOTION TO SUPPLEMENT THE RECORD** using the CM/ECF system, which will send notification of this filing to the following e-mail address:

    James Brown
    Assistant United States Attorney
    james.brown2@usdoj.gov

    /S/ Socorro West
    Socorro West
    Legal Secretary